The opinion of the Court was delivered by
DuNKIN, Ch.
The Court have given to this appeal all the consideration which the importance and difficulty of the questions involved, and the able argument of the counsel properly demanded. Not only have conflicting decisions been adduced, but text writers of acknowledged respectability have differed as to the result of those decisions. It is believed, however, that not only is the preponderance of authority in favor of the clecree, but that, in adopting this construction, some general principles are followed which this Court have uniformly recognized in the interpretation of testamentary instruments.
It is not proposed to attempt any further ieview of the authorities. . But it has been familiarly stated, and was repeated by this Court in Smith vs. Hilliard, 3 Strob. Eq. 211, that whenever there is a doubt whether the estate be vested or contingent, “ the ruléis to presume that the testator intended to give a vested rather *298 than a contingent interest; and even where the words import contingency, but do not create a condition precedent, they give a vested interest to the devisee, subject to be divested if the contingency should not happen.” See also Eearne, 241 to 247, (10th Ed.) Although the reasons of this rule are various, and more or less obvious, and, as might be supposed, have been received with more or less favor, the rule itself seems well settled. So from Boraston’s case, 8 Rep. 19, down to the very recent case of Williamson vs. Berry, decided by the Supreme Court of the United States in 1850, 8 How. 495, words seemingly creative of a future interest have been frequently construed to refer to the futurity of the possession, and not as designed to postpone the vesting of the estate. In Boraston’s case there was a term of eight years devised to A. and B., and, after the said term, the land to remain to executors for the performance of his will £ till such time, as &. should accomplish his full age of twenty-one years ; and when the said H. should come to his age of 21, then to him and to his heirs forever.’ It was held by the Court that the estate was vested in H.; that the adverbs of time, when, &e., did not make any thing necessary to precede the vesting of the remainder, but merely expressed the time when it should take effect in possession. It was said at the bar, that, in the devise to the issue of John Evans Edings, there was a double contingency. The issue must be alive at the death of John Evans Edings, and must also attain twenty-one years of age, and that, although the issue might have attained twenty-one years of age and then died before his father, such issue failed to answer the description (as it was said,) and the estate never vested. I concur with the counsel that the absence of either circumstance is equally available, and, if non-age prevented the vesting, so would want of surviving the parent. The effect of this latter circumstance seems to have been fully considered in Williamson vs. Berry. Testator devised his estate to trustees, in trust to pay the rents, &c., to Thomas B. Clarke, during his natural life, and from and after the death of the said Thomas B. Clarke, in further trust to convey the same *299 to the lawful issue of tbe said Thomas E. Clarice living at his death, in fee ; and if the said Thomas B. Clarke should not leave any lawful issue at the time of his death, then in further trust to convey the premises to testator’s grand-son, Clement 0. Moore, and to his heirs. The Judges of the jCircuit-Court of the United States for the Southern District of New York concurred in the opinion, that, on this devise, the first born child of Thomas B. Clarke, at its birth, took a vested estate in remainder, which opened to let in his other children to the like estate, as they were successively born. Upon other points of the case the Judges were divided in opinion; and upon that division the cause was certified to the Supreme Court of the United States. It was not perhaps necessary for the Supreme Court to pronounce on a question upon which the circuit Judges were agreed. But they commence by declaring as follows : “ It is right, however, to say that we concur with the learned Judges of the Circuit Court, that, under the will of Mary Clarke, the first born child of Thomas B. Clarke, on its birth, took a vested estate in remainder, which opened to let in his other children to a like estate, as they were successively born ; and that their vested remainder became a fee simple absolute, in the children living, on the death of their father.” It might here have been urged, that the trustees were to convey only to the lawful issue of Thomas B. Clarke living 'as his death, and that until his death, it was uncertain who would answer that description; but the Court held, that the estate vested immediately on the birth, subject only to be divested, or.defeated, if the issue should not be alive at the death of the parent. It will be remarked, that in Williamson vs. Berry, as in the case under review, there was a limitation over in default of issue at the time specified. “ This class of cases,” says Sir Edward Sugdon, “ goes on this principle, that the gift oyer, in the event of the devisee dying under twenty-one, sufficiently showed the meaning of the testator to have been, that the first devisee should take whatever the party claiming under the devise over was not entitled to, which of com’se gave him the immediate interest, subject only to the *300 chance of its being divested on a future contingency.” Sug. Law of Prop. 290. If, then, there is a previous gift, as in Boraston’s case, and also in this, the first interest is regarded as an exception out of the gift to the infant, which takes effect on the determination of the preceding interest; or, if there is a gift over, the first devisee takes all to which the devisee over is not entitled. In both cases the Court struggle, and, as the writer states, have hitherto “ struggled effectually to carry into effect the testator’s intention.” The devise in this will is substantially to the testator’s son for life, “and from and immediately after” the death of his son, to the lawfully begotten issue of his son living at the time of his death, who shall live to attain twenty-one years of age, &c., and if the son should die without leaving issue at the time of his death, who should attain twenty-one years of age, then to the right heirs of the testator then living, &c. The manifest object of the testator was to vest the fee in the issue of his son. The preceding interest, as in Boraston’s case, was merely an exception out of the gift to them. On the determination of that preceding interest, or, in the stronger and more emphatic language of the will, “ from immediately after ” the death of his son, the devise to the issue took effect. But if the issue should not be alive at the death of the son, or, being alive, should not attain twenty-one years of age, “the said real and personal property described in that clause of his will, ” is devised and bequeathed to his right heirs then living. What could the right heirs of the testator then living claim ? Certainly no more than the real and personal property described in that clause of the will. All not given over to them is taken, according to the authorities, by the first devisees in fee. The will of the testator is then complete. The son enjoys his life estate. His issue continue in the enjoyment of it until, on arriving at twenty-one years of age, in the language of Williamson vs. Berry, “ their vested remainder became a fee simple absolute.” But until that time their vested estate was subject to de-feasance by their death under twenty-one years of age. Upon the happening of that contingency, the estate, real and personal— *301 the plantation and slaves — passed to .the right heirs of the testator then alive. It is this plan or purpose, so natural in itself, and, it may be added, so apparent in the instrument, which the Courts have endeavored to carry into effect, and which is declared by the circuit decree. On the other hand, it remains only to say, that, if the estate was not vested, it is not only uncertain as to what should become of the interim profits between the death of John Evans Edings, and the arrival of his sons to twenty-one years of age, hut it would become a grave question whether the whole purpose of the testator in the provision for his son’s issue would not be effectually frustrated.
The appeal is dismissed.
Wardlaw and DargaN, OC., concurred.

Appeal dismissed.